A99A0382. SWISS BANK CORPORATION v. THOMAS, CONNER & McDONALD, P.A. et al.

(514 SE2d 68)

BLACKBURN, Judge.

Swiss Bank Corporation appeals from the trial court's order in which it denied Swiss Bank's motion for summary judgment and granted summary judgment to defendants Jerry Thomas, Jr., Larry Conner and Diana McDonald (defendants), finding that defendants had no personal liability under a sublease of commercial office space. As defendants did not personally participate in the sublease transaction so as to become individually liable under OCGA § 14-10-7 (b), we affirm.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable con-

clusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Punctuation omitted.) *Taylor v. Gelfand*, 233 Ga. App. 835 (505 SE2d 222) (1998).

Viewed in this light, the evidence shows that defendants formed Thomas, Conner & McDonald, P.A., a Georgia Professional Association (the Association), on September 6, 1991. Each was on the Board of Governors for the Association.[1] On September 7, 1991, the Association entered into an agreement with Swiss Bank to sublease office space at 2300 Marquis Two Tower. The sublease, drafted by Swiss Bank, provided: "THIS SUBLEASE, dated this 7th day of September 1991, [is] by and between SWISS BANK CORPORATION (hereinafter referred to as 'Tenant'), and THOMAS, CONNER & MCDONALD, P.A. (hereinafter referred to as 'Subtenant')." In addition, the executory paragraph identified the Tenant as Swiss Bank Corporation and the Subtenant as Thomas, Conner & McDonald, P.A. The signature lines prepared by Swiss Bank for defendants were immediately below the heading "Subtenant: Thomas, Conner & McDonald, P.A." Defendants did not indicate by their signatures that they were signing for the Association. Beginning in August 1992, the Association defaulted under the sublease. The trial court determined that the Association was liable under the sublease, but that defendants were not individually liable.

Swiss Bank contends the trial court erred by failing to find that defendants had personally participated in the sublease, thereby triggering liability under OCGA § 14-10-7 (b). Generally, OCGA § 14-10-7 (b) limits the liability of the members of a professional association:

> [T]he members or shareholders of any professional association organized pursuant to this chapter shall not be individually liable for the debts of, or claims against, the professional association unless such member or shareholder has personally participated in the transaction for which the debt or claim is made or out of which it arises.

The personal participation which triggers individual liability is not defined by the Act.

Although Swiss Bank urges this Court to find that defendants' acts of negotiating the sublease and signing the sublease (without denoting that each signature was in a representative capacity) constitutes personal participation in the transaction, we decline to follow

---

[1] Larry Conner was President, Diana McDonald was Vice President, and Jerry Thomas was Secretary/Treasurer.

this reasoning. With regard to the negotiations, an association, like a corporation, can only operate through the actions of individuals. See *Earnest v. Merck*, 183 Ga. App. 271 (358 SE2d 661) (1987). Swiss Bank's interpretation would render OCGA § 14-10-7 (b) meaningless, as members would always be individually liable for any action taken by the Association. Rather, OCGA § 14-10-7 (b) protects an association member who is acting in a representative capacity from individual liability for claims against the association. See *Rodriguez v. Miranda*, 234 Ga. App. 779, 784 (4) (507 SE2d 789) (1998). This interpretation is supported by OCGA § 14-10-18 which provides that a professional association is governed generally by all laws applying to corporations which are not in conflict with the Georgia Professional Association Act. Thus, as with corporations, we should look to whether the individual members were acting in a representative capacity.

Accordingly, in *Rodriguez*, supra, this Court held it was error to hold the professional association member who signed an employment agreement on behalf of the association individually liable for breach of that agreement. In that case, Rodriguez signed the agreement without indicating by his signature that he was signing in a representative capacity. However, the agreement itself clearly indicated that the true party to the agreement was the association, while Rodriguez was merely acting as its representative.

In the present case, we find that defendants were acting in a representative capacity when they signed the sublease. The parties to the agreement knew the sublease was with the Association. The sublease expressly stated that it was between Swiss Bank and Thomas, Conner & McDonald, P.A. Although defendants signed the sublease without indicating the signatures were in a representative capacity, the sublease clearly stated the parties were Swiss Bank and Thomas, Conner & McDonald, P.A. See *Rodriguez*, supra. Moreover, even if we had found the executory paragraph ambiguous, since the sublease was drafted by Swiss Bank we are bound to construe the agreement against it. *Western Contracting Corp. v. State Hwy. Dept.*, 125 Ga. App. 376 (187 SE2d 690) (1972). We cannot agree with Swiss Bank's attempt to impose liability on defendants individually for their participation as members of the Association. The trial court properly found defendants were not individually liable for the Association's breach of the sublease.

*Judgment affirmed. Beasley, P. J., and Barnes, J., concur.*

DECIDED MARCH 11, 1999.

*Holland & Knight, Scott L. Bonder, James H. Rollins*, for appellant.

*DeLong, Caldwell & Wisebram, Earnest H. DeLong, Jr., Steven R. Wisebram,* for appellees.